# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0474, <u>In the Matter of Sarah Pope and George Pope</u>, the court on July 7, 2020, issued the following order:**

The petitioner's renewal of her untimely motion for summary affirmance is denied.  Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, George Pope (father), appeals the order of the Circuit Court (<u>McIntyre</u>, J.), following a hearing on the objection filed by the petitioner, Sarah Pope (mother), to the father's request to relocate with the parties' children to Oklahoma.  The father argues that the trial court erred by failing to consider the impact of sibling separation, and that its order is contrary to the weight of the evidence.

Under RSA 461-A:12 (Supp. 2019), the parent seeking to relocate has the initial burden of demonstrating, by a preponderance of the evidence, that the relocation is for a legitimate purpose and is reasonable in light of that purpose. <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 655 (2010).  Once the parent has met this <u>prima</u> <u>facie</u> burden, the burden shifts to the other parent to prove, by a preponderance of the evidence, that relocating is not in the children's best interests.  <u>Id</u>.  We review the trial court's best interest determination under our unsustainable exercise of discretion standard.  <u>Id</u>. Under this standard, we review only whether the record establishes an objective basis sufficient to sustain the trial court's decision.  <u>Id</u>.  Following a two-day hearing, the trial court found that, although the father's relocation was for a legitimate purpose and was reasonable in light of that purpose, relocation is not in the best interests of the children.  Nevertheless, the court accepted the preference of the older children (siblings) to live with their father in Oklahoma, and only enjoined the relocation of the youngest child (child), who is now age ten.

The father first argues that the trial court "ignored the impact of sibling separation," and that by not discussing the impact of separating the child from her siblings, it failed to provide the statutory analysis required by RSA 461-A:12.  At the outset, we find nothing in RSA 461-A:12 that requires the trial court to expressly evaluate the impact of sibling separation.  Moreover, it is clear from the record that the court considered the impact of separating the child from her siblings.  The court expressly stated that it prefers not to

separate siblings from one another.  In this case, however, the court found that the child "is the youngest child and there is a significant age difference between [the child] and her siblings."  The court noted that, given this age difference, the child "will never be in the same school as her siblings," and that when she is "a teen, she will be the only child in high school, with all of the other children having graduated and being of adult age."  We conclude that the trial court's findings are sufficient to support its order.

The father next argues that the trial court's order is contrary to the weight of the evidence.  The trial court is in the best position to determine the weight to be given to the evidence.  In the Matter of Choy & Choy, 154 N.H. 707, 714 (2007).  If the court's findings can reasonably be made on the evidence presented, they will stand.  In the Matter of Peirano & Larsen, 155 N.H. 738, 749 (2007).  In this case, the court found that it is in the child's best interest to have both parents play an important role in her life.  The court found that if the child resides with her mother, she will maintain a relationship with the father, but that if she resides with the father, she may not maintain a relationship with her mother.  The father argues that the court's finding is contrary to the record, which shows that the child has maintained a strong relationship with the mother despite having lived with him since the divorce.  The court found, however, that the child's relationship with her mother has been under strain because the father has not been supportive of the relationship.  Based upon this record, we conclude that the trial court sustainably exercised its discretion in finding that it would not be in the child's best interest to relocate to Oklahoma.  See Heinrich, 160 N.H. at 658.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**